**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| LIFE INSTRUMENT CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 12-cv-12185 |
| | ) | |
| vs. | ) | |
| | ) | |
| DYNAMIC NETWORK SERVICES, INC., | ) | |
| a/k/a WEBSITEWELCOME.COM, | ) | |
| MEDLINE INDUSTRIES, INC., | ) | |
| MEDIA TEMPLE, INC. and | ) | |
| 1&1 INTERNET INC. | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND VIOLATION OF THE LANHAM ACT**

Plaintiff Life Instrument Corporation ("Life Instrument Corporation"), by its attorneys, files this Complaint against defendants, alleging as follows:

JURISDICTION AND VENUE

1.	This action arises under the Lanham Trademark Act 15 U.S.C. § § 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. § § 1338(a) and (b).

2.	Venue in this district is proper under 28 U.S.C. § 1391(b).

PARTIES

3.	Plaintiff is a corporation with its principal place of business in Braintree, Massachusetts and does business under the tradenames LIFE INSTRUMENT and LIFE INSTRUMENT CORPORATION and sells high quality, widely recognized surgical instruments

designed by plaintiff and sold under the incontestable federally registered trade and service mark ZELPI (hereinafter "ZELPI" or "the ZELPI Mark").

4. Plaintiff is the owner of the entire right, title and interest in and to United States Trademark Registration No. 2,606,777 for the mark ZELPI. The ZELPI mark has been used by plaintiff in connection with the sale of surgical instruments and tools since at least 1996. The ZELPI registration and mark has been registered since at least 2002, Section 8, 9 and 15 affidavits have been duly filed and entered and the U.S. Patent and Trademark Office has duly renewed the ZELPI registration making it incontestable.

5. Defendant, Dynamic Network Services, Inc. (hereinafter "Dynect") is, on information and belief, a Delaware corporation having offices at 150 Dow Street, Manchester, NH does business generally in this District and publishes its infringing website in this District. Dynect is the host of at least two infringing websites, www.maliksurgical.com and www.smartmedspine.com which are maintained respectively on servers at ns653.websitewelcome.com and ns1221.websitewelcome.com. Both sites advertise and publish infringing copies of plaintiff's product under the Zelpi mark.

6. Defendant Medline Industries, Inc. (hereinafter "Medline") is, on information and belief, a Delaware corporation having offices at 1200 Townline Road, Mundelein, Illinois. Medline is the registrant and the host of the infringing website www.medline.com on which Medline advertises and publishes infringing copies of plaintiff's product under the Zelpi mark. On information and belief, Medline is doing business generally in this District and purposely publishes its infringing website in this District.

7. Defendant Media Temple, Inc. (hereinafter "Media Temple") is, on information and belief, a corporation having a place of business at 8520 National Blvd., Building B, Culver

City, CA 90232 who does business in this District generally and hosts an infringing site on servers named ns1.mediatemple.net for Spartan Medical Inc. (hereinafter "Spartan") of 2400 Hidden Valley Lane, Silver Spring, Maryland 20904.  Media Temple publishes the infringing website containing images of infringing copies of plaintiff's product and uses the Zelpi mark in this District by publishing and hosting the infringing website, www.spartanmedspine.com.

8. Defendant 1&1 Internet, Inc. is on information and belief a Delaware corporation having offices at 701 Lee Road, Suite 300, Chesterbrook, PA 19807 who does business in this District gernally and who hosts and publishes a website at www.surgicalinstruments.com on a server at ns51.1and1.com that uses and advertises products under the infringing mark ZELPI.

BACKGROUND OF THE ACTION

9. Since at least about 1996 to the present, Plaintiff is and has been engaged in supplying surgical and related instruments and tools as set forth in the aforesaid registrations to the medical and surgical services and hospital industry.

10. At one or more times during this same period of time from 1996 to the present, Plaintiff has continuously, consistently and at great expense used the ZELPI mark in advertising and promotional materials, on letterhead, display banners posted at trade shows, on flyers and brochures, on tags and labels applied to goods, in magazine advertisements, on packagaing and on plaintiff's website, www.lifeinstruments.com.

11. At one or more times during this same period of time from 1996 to the present, Plaintiff has invested hundreds of thousands of dollars in the design, development, advertising and promotion of its ZELPI brand name and products as a source of high quality, new and innovative surgical tools and instruments.  Plaintiff annually realizes substantial revenues from the sale and

provision of its ZELPI products.  The success of Plaintiff's sales of ZELPI brand products has steadily increased from year to year right up to the present time.

12.     Plaintiff's ZELPI brand products have achieved and will continue to achieve wide renown among surgeons and healthcare providers including surgeons, doctors, nurses and assistants.   The ZELPI brand name has been used in interstate commerce on and for the purpose of identifying, among other things, Plaintiff as the source of high quality products that Plaintiff provides in connection therewith.

13.     As a result of the foregoing, Plaintiff's ZELPI marks are famous and the ZELPI marks have developed and now possess secondary and distinctive meaning to consumers and users of Plaintiff's products advertised and provided under the ZELPI mark.

## DEFENDANTS' UNLAWFUL CONDUCT

14.     On information and belief, all of the named Defendants have published and are publishing and advertising products under the ZELPI mark  alone or in conjunction with other words in promotion and/or advertising of identical products that compete directly with Plaintiff's ZELPI brand products in the identical customer base or market to which all of the Defendants' products and website are advertised, promoted, sold or provided.  On information and belief, all of the Defendants are presently using Plaintiff's ZELPI marks in the body of said websites created and operated by either by said defendants themselves (in the case of defendant Medline) or operated by Defendants' customers named, Millenium Surgical Corp., Malik Surgical Industries (of Pakistan), Smartmed Spine Surgical Instruments Company (also of Pakistan) and Spartan Medical Inc.

15. Further, on information and belief, the defendant is using the name ZELPI labels, tags, packaging, advertising, letterhead, on business cards, on signage, on their websites and in verbal answering of telephone inquiries in connection with their identical infringing products.

16. Plaintiff has in the past received misdirected communications from prospective customers of the Plaintiff's products who have been confused into believing that one or more of said infringing products advertised on the aforesaid infringing sites are Plaintiff or are Plaintiff's products. On information and belief, Medline or one or the other of the other defendants' customers have received misdirected communications and inquiries from prospective customers of Plaintiff's products who have been confused into believing that Medline or one or the other of the customers of the other defendants or their products are or originate with Plaintiff.

17. Prior to adopting and using the term ZELPI, Medline and the customers of the other defendants had actual knowledge of Plaintiff's ZELPI brand name.

18. The aforesaid acts by all of the Defendants are causing and are likely to continue causing the purchasing public to believe that the infringing products or the infringing websites with ZELPI named products is/are Plaintiff or is/are somehow connected or affiliated with Plaintiff, or that the aforesaid infringing products are authorized, sponsored or approved by Plaintiff such that the infringing products are subject to the same high quality standards as Plaintiff's products despite the fact that this is not true.

19. The aforesaid unlawful and willful adoption and use of the ZELPI mark and by all of the Defendants constitute an infringement of Plaintiff's Registered Trademark and a false designation of the source of origin of the infringing products and falsely describes and represents such products. The use, publication and maintenance by all of the defendants of the Plaintiff's ZELPI mark on, in or in connection with the offending websites also constitutes an attempt to palm

off and appropriate Plaintiff's exclusive rights in the ZELPI Mark. Such acts will cause dilution of Plaintiff's mark.

20. Upon information and belief, the defendants have and will continue to engage in such unauthorized activities in this District and elsewhere in interstate commerce and are likely to continue such activities, to the great injury of Plaintiff.

21. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

## FIRST CAUSE OF ACTION

(Registered Trademark Infringement 15 U.S.C Sec. 1114(a))

22. Plaintiff repeats and re-alleges each allegation set forth in paragraphs 1-27 above.

23. All of the Defendants' aforesaid conduct constitutes willful infringement of Plaintiff's Registered Mark in violation of 15 U.S.C. 1114(a). Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until all of the Defendants are enjoined from continuing to engage in their unlawful conduct.

## SECOND CAUSE OF ACTION

(Violation of the Lanham Act, 15 U.S.C Sec. 1125(a))

24. Plaintiff repeats and re-alleges each allegation set forth in paragraphs 1-29 above.

25. All of the Defendants' aforesaid conduct constitutes willful infringement of Plaintiff's ZELPI mark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a). Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until all of the Defendants are enjoined from continuing to engage in their unlawful conduct.

### THIRD CAUSE OF ACTION

(Common Law Trade Mark Infringement and Unfair Competition)

26.     Plaintiff repeats and re-alleges each allegation set forth in paragraphs 1-31 above.

27.     All of the Defendants' aforesaid conduct constitutes a willful infringement of Plaintiff's common law trademark rights in the ZELPI Mark and a violation of the Federal and State Common Law of Unfair Competition.  Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until all Defendants are enjoined from continuing to engage in their unlawful conduct.

### FOURTH CAUSE OF ACTION

(Trademark Dilution under M.G.L.A. Ch. 110H § 13)

28.     Plaintiff repeats and re-alleges each allegation set forth in paragraphs 1-33 above.

29.     All of the Defendants' aforesaid unlawful conduct is diluting and will continue to dilute the strength, distinctiveness and secondary meaning in and of Plaintiff's ZELPI Mark.  Such dilution constitutes a violation of M.G.L.A. Ch. 110H Section 13, which provides injunctive relief notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.  Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until all Defendants are enjoined from continuing to engage in their unlawful conduct.

### FIFTH CAUSE OF ACTION

(Trademark Dilution under the common law)

30.     Plaintiff repeats and re-alleges each allegation set forth in paragraphs 1-35 above.

31. All of the Defendants' aforesaid unlawful conduct is diluting and will continue to dilute the strength, distinctiveness and secondary meaning in and of Plaintiff's ZELPI Mark. Such dilution constitutes a violation of the common law of the United States and of the Commonwealth of Massachusetts. Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until all Defendants are enjoined from continuing to engage in their unlawful conduct.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff. seeks relief against all Defendants and all those in active concert and privity with each Defendant, as follows:

1. That all Defendants and all those in active concert and privity with each Defendants (individually and collectively), their partners, agents, servants, employees, officers, attorneys, successors and assigns, be temporarily and preliminarily enjoined in this and all other judicial districts in the United States, during the course of this litigation and permanently from:

   (a) providing, advertising, publishing, promoting, offering for sale or holding for sale any product or service in association or connection with the ZELPI Mark or any colorable variation or imitation thereof;

   (b) representing to any member of the public that any service or product that is advertised, sold  distributed, leased, rented, repaired, managed or held for sale by them is

sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

2. That this Court enter a preliminary and permanent injunction incorporating the terms of the Proposed order of Preliminary Injunction accompanying Plaintiff's Motion for Preliminary Injunction that includes, among other things, an order that orders all and each of the Defendants to discontinue use of the ZELPI Mark in any manner including use as a domain name, on the display or content of any website and/or in metatags or metadata.

3. That this Court order all and each of the Defendants to deliver up to the Court and/or to Plaintiff all written, electronic data and printed materials bearing the ZELPI Mark or any colorable imitation or variation thereof for destruction.

4. That each Defendant pay to Plaintiff damages in an amount to be determined and a doubling and/or trebling thereof.

5. That Plaintiff be awarded its costs, attorneys fees and such other and further relief as the Court deems just and proper.

Dated: November 26, 2012

Respectfully submitted,
LIFE INSTRUMENT CORPORATION
By Its Attorneys


<u>/s/ M. Lawrence Oliverio</u>
M. Lawrence Oliverio, BBO #378755
Rissman Hendricks & Oliverio LLP
Suite 2101, 100 Cambridge Street
Boston, MA  02114
Tel: 617-367-4600
Fax: 617-367-4656
Email: loliverio@rhoiplaw.com
Counsel for Plaintiff